**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CHRISTOPHER TULL, | Civil Action No. __2:26-cv-4327__ |
| Plaintiff, | |
| v. | |
| THE LINCOLN NATIONAL LIFE INSURANCE COMPANY, | |
| Defendant. | |

## COMPLAINT

1. This is a civil action brought by Plaintiff Christopher Tull against Defendant The Lincoln National Life Insurance Company under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq., to recover long term disability benefits wrongfully denied under an employee welfare benefit plan sponsored by HD Supply, Inc., pursuant to ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B). Plaintiff reserves all rights and remedies available under ERISA § 502(a) and § 502(g), 29 U.S.C. § 1132(a) and (g).

2. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as this action arises under the laws of the United States, and pursuant to ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1).

3. Venue is proper in this District pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), and 28 U.S.C. § 1391(b). Defendant maintains an office and conducts business at 2005 Market Street, Philadelphia, Pennsylvania 19103, and therefore may be found in this District within the meaning of 29 U.S.C. § 1132(e)(2).

4. Plaintiff Christopher Tull is an adult individual residing at 3535 Sheffield Ave, Philadelphia, Pennsylvania 19136. At all relevant times during the coverage period, Plaintiff was employed by HD Supply, Inc., and was a participant in and beneficiary of the employee welfare benefit plan at issue.

5. Defendant The Lincoln National Life Insurance Company maintains an office and conducts business at 2005 Market Street, Philadelphia, Pennsylvania 19103. Defendant issued, insured, funded, administered, and/or made benefit determinations under the disability coverage at issue.

6. At all relevant times, HD Supply, Inc. sponsored an employee welfare benefit plan that provided long term disability ("LTD") benefits to eligible employees (the "Plan").

7. The Plan is an employee welfare benefit plan within the meaning of ERISA § 3(1), 29 U.S.C. § 1002(1).

8. Plaintiff was at all relevant times a participant in and beneficiary of the Plan within the meaning of ERISA § 3(7) and § 3(8), 29 U.S.C. § 1002(7) and (8), and was eligible for LTD benefits under the Plan.

9. The claim at issue is identified by Defendant as Claim No. 15199159.

10. Plaintiff ceased working on March 24, 2023, due to lumbar disc herniation with radiculopathy (L4-L5, L5-S1), thoracic spondylosis, and right knee osteoarthritis.

11. As a result of these medical conditions, Plaintiff was and remains unable to perform the material duties of Plaintiff's occupation as required by the Plan, and Plaintiff's functional limitations prevent the performance of those duties.

12. Plaintiff timely submitted medical and claim information to Defendant supporting Plaintiff's entitlement to disability benefits under the Plan.

13. Plaintiff has satisfied all conditions precedent to the recovery of benefits under the Plan, or such conditions have been waived, excused, or otherwise discharged.

14. Plaintiff submitted a claim to Defendant for disability benefits under the Plan.

15. Defendant approved and paid LTD benefits to Plaintiff based on Plaintiff's inability to perform the duties of Plaintiff's own occupation.

16. By letter dated March 20, 2025, Defendant issued an adverse benefit determination terminating Plaintiff's LTD benefits effective June 24, 2025, in connection with the Plan's change in the definition of disability from "own occupation" to "any occupation."

17. As stated in the March 20, 2025 denial letter, Defendant determined that Plaintiff "will not be eligible for benefits beyond June 24, 2025."

18. Plaintiff's LTD benefits were terminated effective June 24, 2025.

19. Plaintiff timely submitted an administrative appeal of the adverse benefit determination.

20. By letter dated October 2, 2025, Defendant issued a final adverse benefit determination upholding the termination of Plaintiff's LTD benefits.

21. Plaintiff has exhausted all administrative remedies required under the Plan and 29 C.F.R. § 2560.503-1.

## STANDARD OF REVIEW

22. Plaintiff contends that Defendant's adverse benefit determination should be reviewed de novo. Plaintiff does not concede that the Plan contains a valid, enforceable, and applicable grant of discretionary authority sufficient to alter the default de novo standard of review applicable to claims brought under ERISA § 502(a)(1)(B).

23. To the extent Defendant contends that arbitrary-and-capricious or abuse-of-discretion review applies, Plaintiff denies that contention, preserves all arguments for de novo review, and alternatively alleges that Defendant's adverse benefit determination was arbitrary and capricious, an abuse of discretion, unsupported by substantial evidence, contrary to the terms of the Plan, and erroneous as a matter of law.

COUNT I CLAIM FOR BENEFITS UNDER ERISA § 502(a)(1)(B) 29 U.S.C. § 1132(a)(1)(B)

24. Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

25. At all relevant times, Plaintiff was a participant in and beneficiary of the Plan and was entitled to LTD benefits under the terms of the Plan.

26. Defendant's termination of Plaintiff's LTD benefits and denial of Plaintiff's appeal were wrongful, contrary to the terms of the Plan, and in violation of ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B).

27. As a direct and proximate result of Defendant's wrongful denial of benefits, Plaintiff has been deprived of LTD benefits due under the Plan and has suffered damages.

28. Plaintiff is entitled to recover all past-due benefits owed under the Plan from the date of termination through the date of judgment, together with prejudgment interest, attorney's fees and

costs under ERISA § 502(g) (29 U.S.C. § 1132(g)), and such further relief as the Court deems just and proper.

COUNT II CLARIFICATION OF RIGHTS TO FUTURE BENEFITS UNDER ERISA § 502(a)(1)(B) 29 U.S.C. § 1132(a)(1)(B)

29. Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

30. Plaintiff remains disabled within the meaning of the Plan and continues to satisfy the Plan's requirements for the receipt of LTD benefits on an ongoing basis.

31. An actual controversy exists between Plaintiff and Defendant regarding Plaintiff's entitlement to continued LTD benefits under the Plan going forward.

32. Pursuant to ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), Plaintiff is entitled to a declaration clarifying Plaintiff's right to future benefits under the terms of the Plan, including a declaration that Plaintiff remains entitled to LTD benefits going forward under the Plan's continuing-disability provisions, subject to the Plan's terms and conditions.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in Plaintiff's favor and against Defendant, and award the following relief:

A. Past-due benefits from the date of termination through the date of judgment;

B. Prejudgment interest on past-due benefits;

C. A declaration clarifying Plaintiff's right to continued benefits under the Plan going forward pursuant to ERISA § 502(a)(1)(B);

D. Attorney's fees and costs under ERISA § 502(g) (29 U.S.C. § 1132(g)); and

E. Such other and further relief as the Court deems just and proper.

### DEMAND FOR TRIAL

Plaintiff respectfully requests a trial on the administrative record.

Respectfully submitted,

/s/Nicholas Feden
Nicholas Feden
Feden Law Group PLLC
Attorney ID: 307902
711 West Ave.
Jenkintown, PA 19046
Tel. 267-234-7465
nfeden@fedenlawgroup.com
Attorney for Plaintiff